UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYCE WAYNE NICHOLES,<br><br>Defendant. | No. 2:12-cr-00140-TLN<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

Defendant, a federal prisoner, moves *pro se* for the Court to reduce his sentence in accordance with the new reduced offense levels under Amendment 782. (ECF No. 33.) The Federal Defenders filed a notice that they will not file a supplement to Defendant's *pro se* motion. (ECF No. 36.) The government opposed the motion for reduction of sentence. (ECF No. 38.) For the reasons detailed below, the Court DENIES Defendant's motion for reduced sentence.

**I.　Factual and Procedural Background**

On July 17, 2012, Defendant pled guilty to the sole count in the superseding information charging, Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 25.) Defendant's plea was in accordance with his plea agreement with the government. (ECF No. 24 at 2–3.)

////

////

1

In the plea agreement, Defendant and the government estimated a Base Offense Level of 30 and anticipated that Defendant may receive a two-level enhancement for use of a firearm and a three-level reduction for acceptance of responsibility, for a total estimated offense level of 29. (ECF No. 24 at 6.) Both parties acknowledged that only the Court would decide Defendant's sentence and that neither the Court nor the probation office was bound by these estimates. (ECF No. 24 at 6.) The government also agreed to recommend a sentence of 121 months and not to argue in support of any upward departures, and Defendant agreed not to argue in support of any downward departures. (ECF No. 24 at 3, 6.)

Prior to sentencing, the United States Probation Office prepared a Presentence Report ("PSR") and calculated Defendant's total offense level at 31 and his criminal history category at IV. (PSR at 24.) Defendant's total offense level included a Base Offense Level of 30, a two-level enhancement for use of a firearm, a two-level enhancement for maintaining a premise to manufacture or distribute a controlled substance, and a three-level reduction for acceptance of responsibility. (PSR at 7.) Defendant's guideline range was 151 to 188 months. (PSR at 24.)

The probation office recommended a sentence of at least 188 months, the high end of the 151 to 188 months guideline range, but added that an upward departure may be appropriate under United States Sentencing Guideline ("U.S.S.G.") § 5K2.17, for use of a semiautomatic firearm with a large-capacity magazine. (PSR at 25.) On October 2, 2012, Defendant was sentenced to 121 months in prison, the sentence contemplated in the plea agreement. (ECF No. 26.)

Defendant asks the Court to re-calculate his guideline range and sentence pursuant to Amendment 782. (ECF No. 33.) Amendment 782 retroactively reduced the base offense levels for many drug offenses by two levels. U.S.S.G. Manual app. C, amend. 782 (2014).

## II.    STANDARDS OF LAW

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the

amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (citing § 1B1.10(b)(2)(A)). *See also U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (a sentence reduction is not consistent with guidelines § 1B1.10 if an amendment does not have the effect of lowering the defendant's guideline range).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id*. "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 831.

### III.    ANALYSIS

Defendant argues that his sentence should be reduced because Amendment 782 may have retroactively reduced the base offense levels for his offenses. (ECF No. 33 at 1.) Defendant's guideline range of 151 months to 188 months was based on a base offense level which was retroactively reduced by Amendment 782. (PSR at 7; U.S.S.G. § 1B1.10(d), (e)(1) (making Amendment 782 apply retroactively to previously-sentenced defendants.)).

Step one is to determine the amended guideline range that would have been applicable to Defendant had Amendment 782 been in effect at his sentencing. Amendment 782 reduced the base offense level for Defendant's offense from 30 to 28. (U.S.S.G. § 2D1.1(c)(6).) It does not alter Defendant's three-level reduction for acceptance of responsibility or either of his two-level enhancements for use of a firearm and for maintaining a premise for manufacture and distribution of controlled substances. Defendant's amended total offense level would be 29 and his amended guideline range 121 to 151 months. (U.S.S.G. Sentencing Table, 18 U.S.C.A. Ch. 5, Pt. A.)

3

Section 1B1.10(b)(2)(A) "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended [g]uidelines range, except in the case of a defendant who originally received a below-[g]uidelines sentence based on substantial assistance to the government." *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B) (2012)).  This prohibition applies where the defendant received a downward departure at his original sentencing if that departure was based on reasons other than substantial assistance to the government.  U.S.S.G. § 1B1.10, comment. n.3.  Defendant did not receive any reduction in his sentence for substantial assistance to the government.  Defendant did receive a downward departure so that his sentence matched the sentence contemplated in the parties' plea agreement, 121 months.  Accordingly, this Court does not have the discretion to reduce Defendant's sentence because his original sentence of 121 months is equal to or below the minimum of his amended guideline range of 121 to 151 months.

**IV.    CONCLUSION**

THE COURT HEREBY DENIES Defendant's motion for a reduction of sentence (ECF No. 33).


Dated: May 9, 2017

_____
Troy L. Nunley
United States District Judge

4